UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P156-R

**WILLIE LEE SHAW, JR.**                                                             **PLAINTIFF**

**v.**

**NANCY DOOM,** *et al.*                                                                **DEFENDANTS**

**OPINION**

The plaintiff, Willie Shaw, filed this civil action pursuant to 42 U.S.C. § 1983. Because he failed to exhaust his administrative remedies prior to filing suit, the court will dismiss his complaint without prejudice.

**I. SUMMARY OF FACTS AND CLAIMS**

The plaintiff is currently confined at the Kentucky State Penitentiary ("KSP") and institutes this complaint against the following KSP employees in both their official and individual capacities: Deputy Warden Nancy Doom, Guards Josh Clark and Fred Rogers, Staff Officer Robert Roberts, Optometrist J.P. Pyles, Dentist Dan Baldwin, and Warden Patti Treat.

It is unclear what specific types of claims the plaintiff wishes to assert. Rather, he makes references to problems with receiving medical and dental care, claims he has suffered some unnamed form of retaliatory treatment, and describes what can best be described as arranged fights on which bets are placed. He claims that he has filed numerous grievances and that some are still pending before the commissioner for the Kentucky Department of Corrections. He did not file copies of his grievances claiming that they are "forthcoming."

## II.  ANALYSIS

Under 42 U.S.C. § 1997e(a),[1] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law.  *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998).  The primary purpose behind the exhaustion requirement is to give the state prison systems "an opportunity to handle prison grievances internally before recourse to the federal courts becomes available." *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003).  Such may be the most efficient means of addressing a constitutional violation.  *Id.* at 726.  The inmate must pursue those remedies "as far as they exist" before it can be said that he complied with the "state prison's internal requirements."  *Id.* at 725.  An inmate bears the burden of alleging and showing that he has exhausted his remedies.  *Brown,* 139 F.3d at 1104.  And, district courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies.  *Id.* at 1102.

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims.  *Brown*, 139 F.3d at 1104.  Should the prisoner not have the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome.  *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000).  Where the complaint fails to contain "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

dismissed under § 1997e." *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989 (6th Cir. 2004) (citation omitted).

A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999). Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Even if an appeal is time-barred by the prison's administrative procedures, the inmate must still pursue the remedy for without doing so he does not give the state the opportunity to remedy the alleged wrong. *Thomas*, 337 F.3d at 727.

Should the authorities to whom the inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Prior to initiating his action in federal court, a prisoner is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2] And, § 1997e(a) requires

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

total exhaustion of all claims, and a complaint that presents both exhausted and unexhausted claims must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

It is clear from a review of the plaintiff's complaint that he failed to meet the complete exhaustion requirement. Moreover, while he evinced his intent to amend his complaint to show proof of exhaustion of his claims, prisoners may not amend their complaints to save them from *sua sponte* dismissal. *Baxter*, 305 F.3d at 489. Because the plaintiff failed to satisfy the requirement of total exhaustion of all claims, his complaint must be dismissed.

Once the plaintiff completely exhausts his remedies with respect to *each* claim advanced and as to *each* defendant named, he may initiate a new civil rights action. The plaintiff is also reminded that if he files a new complaint, he must clearly show how each defendant violated his constitutional rights. Conclusory allegations of the officer's misconduct will result in dismissal of claims against that particular defendant.

The court will enter an order consistent with this opinion.

Date:

cc:     Plaintiff *pro se*
        4413.002